María Puig de Chandri, Etc., Plaintiff, Appellees, and Appellants, *v.* Ramón Sotomayor et als., Defendants. Appellants and Appellees.

No. 6366. Argued April 11, 1934.—Decided September 29, 1934.

Antonio L. *López* for appellant and appellees.  *González Fagundo &*
*González Jr.,* and *José Puig Morales* for appellees and appellants.

Mr. Justice Hutchison delivered the opinion of the Court.

This is an ordinary suit for the foreclosure of a mort-gage.  Defendants, Sotomayor and his wife, Concepción Flo-res Solá, were the mortgagors.  Defendants, Solá González and his wife, Manuela Flores Solá, were the owners of the property at the time of the foreclosure.  Solá moved to strike the second, fourth, fifth, and sixth averments of the complaint, and also the verifying affidavit.  The overruling of this motion is assigned as error.

The averments in question were in substance: that Sotomayor had agreed to keep the property insured against loss by fire; that Solá had executed a second mortgage in favor of Claudina Valdés Ramírez; that the property was destroyed by fire; and that Solá had collected the insurance. Appellants are content to say that these averments were redundant because this was a suit to foreclose the first mortgage only and the second mortgagee was not made a party.  Ordinarily, the proceeds of a fire insurance policy are covered by the mortgage.  See Sections 110 and 111 of the Mortgage Law.  The mere statement that the second mortgagee was not made a party to a suit to foreclose the first mortgage fails to satisfy us that the averments in ques-tion were not or might not become material.  The record contains no bill of exceptions, and the error, if any, does not appear to have been prejudicial.  The question as to the sufficiency of the affidavit was disposed of in *Loíza Sugar Company* v. *Hernáiz et al.,* 32 P.R.R. 829.

The second assignment is that the district court erred in overruling Solá's demurrer for want of facts sufficient to

constitute a cause of action. The contention is: (*a*) that the widow, María Puig, appears as sole plaintiff, while the complaint shows that she and her children are the heirs of the original mortgagee; and, (*b*) that she does not allege that the mortgage has been recorded in her name.

The first paragraph of the complaint refers to ''the above mentioned plaintiff.'' ''The above mentioned plaintiff'' is ''María Puig, widow of José P. Chandri, in her own right and in the name of her minor children José and María Chandri Puig.'' The fifth averment refers to Chandri as the predecessor in interest of ''this plaintiff and her children''. The eighth averment contains the statement that ''plaintiff and her children are the sole and universal heirs of the deceased José P. Chandri.'' In the prayer ''plaintiff'' prays for payment to ''plaintiff''. An affidavit explains that: ''plaintiff'' resides in the city of New York and for that reason did not herself verify the complaint.

Section 56 of the Code of Civil Procedure provides that: ''When an infant . . . is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court.'' Section 153 of the Civil Code (1930 ed.) makes it the duty of parents to represent their children ''in the exercise of all actions which may redound to the benefit of such children.'' The facts above outlined suffice to distinguish the instant case from *J. Ochoa & Brother* v. *J. González Clemente*, 29 P.R.R. 948; *Nadal* v. *Registrar of Property of San Germán*, 32 P.R.R. 106; and *Olivo* v. *Arriví*, 38 P.R.R. 643.

It must be conceded that the complaint is not a model of good pleading. Nevertheless, it is reasonably apparent, we think, that the real plaintiffs as well as the real parties in interest are the widow and the children named in the title and in the eighth paragraph of the complaint. The district judge was not misled by any ambiguity or uncertainty in this regard but rendered judgment for ''plaintiff, María

Puig, widow of Chandri, in her own right and in the name of her minor children José and María Chandri Puig.'' The complaint is a defective statement of a good cause of action. See *Celestina Abarca Sanfeliz widow of Gumersindo Suárez v. Bank of Nova Scotia*, No. 5848, decided June 19, 1934. (46 P.R.R. ____)

The objection that María Puig did not allege that the mortgage had been recorded in her name, so far as not disposed of by the preceding paragraph, does not demand serious consideration.

■ The third contention of appellants, so far as it need be separately discussed, is that the district court should not have rendered judgment on the pleadings as to Sosa and his wife because in their answer they had denied for want of information that ''plaintiff and her children'' were the sole and universal heirs of their predecessor in interest, José P. Chandri. The complaint had been verified. In an affidavit appended to the answer, the attorney for defendants, Sosa and wife, had explained that while Sosa resided within the district they were unable to verify the pleading because Sosa was sick and his wife was attending him. Plaintiffs, in their motion for a judgment on the pleadings, had assailed this affidavit as fatally defective. Defendants Sosa and wife had also failed to amend their answer within the time allowed after the granting of a motion to strike certain parts thereof. Plaintiffs had alleged in their verified complaint not only that they were the sole and universal heirs of José P. Chandri but also that they had been adjudged to be such heirs by the decree of a competent court. Conceding for the sake of argument only that the better practice would have been to require proof of this averment, we find no reversible error in the granting of the motion for a judgment on the pleadings.

The judgment appealed from must be affirmed.